**TOM PETRUS & MILLER LLLC**

RICHARD B. MILLER 3729-0
rmiller@tpm-hawaii.com
Tel. (808) 792-5855
ASHLEY R. SHIBUYA 10200-0
ashibuya@tpm-hawaii.com
Tel. (808) 792-5804
Finance Factors Center, Suite 650
1164 Bishop Street
Honolulu, Hawaii 96813
Facsimile: (808) 792-5809

Attorneys for Plaintiff
PROGRESSIVE CASUALTY INSURANCE CO.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE CO., a Ohio corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MARK DAVID STEVENS; HAWAIIAN KAMALII, INC. dba HAWAIIAN CANOE CLUB, a Hawaii non-profit corporation; HAWAIIAN CANOE RACING ASSOCIATION, a Hawaii non-profit corporation,<br><br>Defendants. | CASE NO.<br>(Declaratory Judgment)<br><br>COMPLAINT FOR DECLARATORY JUDGMENT; SUMMONS |

# COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff PROGRESSIVE CASUALTY INSURANCE CO. ("Progressive"), by and through its attorneys, Tom Petrus & Miller, LLC, for its Complaint against the above-named defendants, alleges and avers as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Progressive is an Ohio corporation with its principal place of business in Mayfield Village, Ohio.

2. Upon information and belief, Defendant MARK DAVID STEVENS ("Stevens") is, and was at all times relevant hereto, a resident of Molokai, County of Maui, State of Hawaii.

3. Upon information and belief, Defendant HAWAIIAN KAMALII, INC. dba HAWAIIAN CANOE CLUB ("HCC") is, and was at all times relevant hereto, a Hawaii non-profit corporation doing business in the State of Hawaii.

4. Upon information and belief, Defendant HAWAIIAN CANOE RACING ASSOCIATION ("HCRA") is, and was at all times relevant hereto, a Hawaii non-profit corporation doing business in the State of Hawaii.

5. Progressive brings this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201, asking this Court to determine, as a matter of law, that Progressive (1) has no duty to defend or indemnify Stevens, HCC, and/or HCRA (collectively, "Defendants") under the subject Progressive insurance policy issued to Stevens for

the claims asserted against them in a certain underlying lawsuit, described below, (2) Progressive's duty to indemnify HCC and HCRA, if any, under the subject Progressive insurance policy is limited to liability based upon HCC and HCRA's vicarious liability of and for Stevens and does not extend to liability based upon HCC and/or HCRA's own negligence.

6. There is complete diversity of citizenship between the parties, and the amount in controversy herein exceeds $75,000.00.

7. All or a substantial portion of the events giving rise to this action occurred within the State of Hawaii.

8. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

**THE UNDERLYING LAWSUIT**

9. On November 14, 2017, Faith Ann Kalei-Imaizumi ("Faith"); her husband, Paul K. Imaizumi; and daughters Hope N.K. Woltz, and Heather Nahaku Kalei (collectively, the "Underlying Plaintiffs") filed that certain lawsuit entitled Faith Ann Kalei-Imaizumi, et al. v. Mark David Stevens, et al., Civil No. 17-1-0474 (1) in the Circuit Court of the Second Circuit, State of Hawaii (the "Underlying Lawsuit"), against Defendants and others for the alleged injuries Faith sustained from Steven's boat, the "Ohana," Hull # TVG26215K304, during the 2016 Pailolo Challenge.

10. According to the Underlying Lawsuit, the Pailolo Challenge is an annual open ocean outrigger canoe race from Maui to Molokai. The 2016 Pailolo Challenge took place on September 17, 2016 (the "2016 Pailolo Challenge" or the "Race").

11. The Underlying Lawsuit alleges that the 2016 Pailolo Challenge was hosted by HCC and sponsored by HCRA. As the host of the 2016 Pailolo Challenge, HCC purportedly had substantial control over and involvement in the staging of the race, and the right to determine and/or enforce the rules and regulations governing eligibility for and the conduct of the race.

12. The Underlying Lawsuit alleges that prior to September 17, 2016, Stevens agreed to provide and operate an escort boat for one of the outrigger canoe teams participating in the Race.

13. The Underlying Lawsuit alleges that, at all relevant times, Stevens was an employee, servant, and/or authorized agent of HCRA, HCC and/or other involved parties and was acting within the course and scope of that relationship such that HCRA, HCC, and/or those other parties are vicariously liable for Steven's negligence, as described in the Underlying Lawsuit, under the doctrine of respondeat superior.

14. The Underlying Lawsuit alleges that, on the morning of the Race, Stevens piloted the Ohana, a 26-foot 2004 Twin Vee motorboat, to D.T. Fleming

Beach Park in Kapalua, Maui. The Ohana was allegedly outfitted with two stern-mounted 150-horsepower outboard motors. Purportedly, a ladder was affixed to the Ohana's stern and between the two motors, neither of which had a permanent or removable/retractable propeller guard, or a mechanism designed to accept aftermarket propeller guards. Additionally, the Ohana allegedly did not have a "kill switch" for its ladder assembly or any other type of propeller safety device to prevent the outboard motors from operating when the ladder was deployed.

15. The Underlying Lawsuit alleges that, shortly before 9:00 a.m. on September 17, 2016, Race participants launched their starting crews from the shore of D.T. Fleming Beach Park. During this time, escort boats, including the Ohana, were assembled in a staging area waiting for their crews.

16. The Underlying Lawsuit alleges that Faith, along with the other members on her switch crew, swam from the shore of D.T. Fleming Beach to the Ohana, the escort boat for her team.

17. The Underlying Lawsuit alleges that after crew members boarded the Ohana, but while the escort boats were still in the staging area, Stevens' hat blew into the water.

18. The Underlying Lawsuit alleges that Faith re-entered the water to retrieve Stevens' hat. According to the Underlying Lawsuit, Faith was attempting to re-board the Ohana using the swimmer access ladder between the boat's two

outboard motors when the Ohana reversed, causing a propeller for one of the Ohana's outboard motors to strike Faith and cause injury to, *inter alia*, her thigh and pelvic area.

19. The Underlying Lawsuit alleges that, during Faith's hospitalization, she received treatment for several conditions and underwent several procedures, including having her leg amputated.

20. The Underlying Lawsuit alleges that Faith's home had to be substantially renovated to accommodate her condition, that she has sustained permanent brain injury; and that she will require 24-hour care for the rest of her life.

21. The Underlying Lawsuit alleges the following causes of action against one or more the Defendants: (1) negligent design of vessel (Stevens); (2) negligent failure to warn (Stevens); (3) negligent and grossly negligent operation of vessel (Stevens, HCC, and HCRA); (4) negligence associated with staging of race (HCC and HCRA; (5) negligent failure to provide insurance (HCC and HCRA); (6) negligent infliction of emotional distress (Stevens, HCC, and HCRA); (7) negligent deprivation of services, care, and consortium (Stevens, HCC, and HCRA). The Underlying Lawsuit prays for special, general, and/or punitive damages; attorneys' fees and costs, pre-judgment interest; post-judgment interest; and such additional relief as the Court deems just and proper under the

circumstances.

## THE POLICY

22. Stevens is the named insured under a Hawaii Boat and Personal Watercraft Policy, Policy No. 32674794-1 (the "Policy"), issued by Progressive for the policy period from March 5, 2016 to March 5, 2017. The Policy covered a 2004 Twin Vee PowerCats 26 Weekender, Hull ID # TVG26215K304.

23. The Policy is written on Form No. 2747 HI (07/08), as amended, and provides, in relevant part:

> **GENERAL DEFINITIONS**
>
> The following definitions apply throughout the policy. Defined terms are printed in bold-face type and have the same meaning whether in the singular, plural, or any other form.
>
> . . .
>
> 2. "**Bodily injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.
>
> . . .
>
> 7. "**Occupying**" means in, on, entering, exiting or proximate to a **watercraft,** or a non-motorized trailer which is designed to be towed on public roads by a land motor vehicle and designed for the transportation of a **watercraft**. "**Occupying**" includes being towed by a **watercraft** while the person is on a wake board, knee board, tube, air chair or water skis.
>
> . . .
>
> **PART I – LIABILITY TO OTHERS**
>
> **INSURING AGREEMENT**
>
> If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person**

becomes legally responsible because of an accident.

Damages include prejudgment interest awarded against an **insured person** . . .

**ADDITIONAL DEFINITION**

When used in this Part I:

"**Insured person**" means:

a. **you** or a **relative** with respect to an accident arising out of the ownership, maintenance, or use of a **watercraft** or **trailer**.

b. any person with respect to an accident arising out of that person's use of a **covered watercraft** or **trailer** with the permission of **you** or a **relative.**

c. any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a or b above; and

d. any Additional Interest Insured shown on the **declarations page** with respect only to its liability for the acts or omissions of a person described in a or b above.

**EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART 1.**

Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for:

1. **bodily injury** or **property damage** arising out of the ownership, maintenance , or use of any watercraft or trailer while being used:

    a. to carry persons or property for compensation or a fee;

    b. in any illegal transportation or trade; or

c. in any business or occupation.

This exclusion does not apply to use of a **watercraft** or **trailer** for tournament fishing;

. . .

4. **bodily injury** or **property damage** resulting from, or sustained during practice or preparation for:

a. any pre-arranged or organized racing, stunting, speed or demolition contest or activity; or

b. any driving, riding, navigation, piloting or boating activity conducted on a permanent or temporary racecourse.

This exclusion does not apply to **bodily injury** or **property damage** resulting from the use of a sailboat in any pre-arranged or organized racing or speed contest or in practice or preparation for any such contest.

. . .

14. punitive or exemplary damages;

. . .

24. Neither HCC nor HCRA are listed as an Additional Interest in the Policy's Declarations.

25. Defendants tendered the defense of the Underlying Lawsuit to Progressive under the Policy.

26. Progressive is presently defending Stevens and sharing in the cost of HCC and HCRA's defense in the Underlying Lawsuit pursuant to a full reservation of Progressive's rights under the Policy.

27. There is an actual and continuing controversy between Progressive and Defendants as to Defendants' entitlement to coverage and/or a defense and/or an indemnity under the Policy for the Underlying Lawsuit.

## STATEMENT OF CLAIM

28. Progressive re-alleges and incorporates herein by reference the allegations in Paragraphs 1 to 27 of the Complaint.

29. One or more of the claims in the Underlying Lawsuit are not for "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in and by the Policy.

30. Coverage for the claims asserted in the Underlying Lawsuit are precluded by one or more of the Policy's exclusions, including, Exclusion 1.a., 1.c., 4.a., and/or 4.b., as quoted above.

31. Progressive's duty to indemnify HCC and HCRA, if any, under the Policy extends only to claims based on their vicarious liability for Stevens' acts, and Progressive has no duty to indemnify HCC and HCRA for their own negligence.

WHEREFORE, Progressive prays for relief as follows:

A. For a binding declaration that Progressive has no duty to defend and/or indemnify Defendants with respect to the claims asserted against them in the Underlying Lawsuit, or for any claims that may arise out of the subject matter

of the Claims asserted against them in the Underlying Lawsuit;

B. For a binding declaration that Progressive's duty to indemnify HCC and HCRA, if any, is limited to liability based on HCC and HCRA's vicarious liability for Stevens' acts, and does not extend to liability imposed upon HCC and HCRA for their own negligence;

C. For the fees and costs incurred by Progressive in the instant declaratory judgment action; and

D. For such other relief as the Court may deem appropriate under the circumstances.

DATED: Honolulu, Hawaii, September 11, 2018.

/s/Ashley R. Shibuya
RICHARD B. MILLER
ASHLEY R. SHIBUYA

Attorneys for Plaintiff
PROGRESSIVE CASUALTY
INSURANCE CO.